UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| WANDA PAYNE | * | CIVIL ACTION NO. 16-1737 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| E CORNELL MALONE CORP. & DANIEL EDWARDS | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

On July 26, 2017, the undersigned notified plaintiff Wanda Payne that the court intended to dismiss this matter with prejudice pursuant to Rule 41(b) *unless*, by August 9, 2017, she showed cause, in writing, why her complaint should not be dismissed for failure to comply with the court's May 17, 2017 Order [doc. # 27], which directed her to enroll new counsel or notify the court of her intent to proceed *pro se* within 30 days. To date, plaintiff has failed to respond to either court order.

## Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b) (in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without motion by the defendant. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts."

*McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

A dismissal with prejudice is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored at least two court orders. Moreover, dismissal of the case may be the least sanction where, as here, plaintiff is not actively pursuing her cause of action. Finally, plaintiff's unrepentant flaunting of court orders[1] reflects her own contumaciouness or "stubborn resistance to authority"[2] which is personally attributable to her.

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's complaint be DISMISSED with prejudice in accordance with the provisions of Fed. R. Civ. P. 41(b).

---

[1] This report and recommendation itself provides plaintiff with further notice of her non-compliance.

[2] *See Millan, supra*.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 15th day of August 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE